FILED
DEC 0 5 2005
NF
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JIMMY MORALES, JR., )<br>    Plaintiff, )<br>)<br>-vs- )<br>)<br>)<br>CITY OF CHICAGO, Chicago Police Officers )<br>Corey Flagg (Star No. 9386), Broderick Jones )<br>(Star No. 17432), R. Palomino (Star No. 18473), )<br>J. Knezevich (Star No. 13165) and E. Padilla )<br>(Star No. 8158), )<br>    Defendants. ) | **05C 6845**<br>(Judge )<br><br>JUDGE JOHN W DARRAH<br><br>MAGISTRATE JUDGE MASON |

## COMPLAINT

Plaintiff, JIMMY MORALES, JR., through his attorneys, ERICKSON & OPPENHEIMER, complains of Defendants, CITY OF CHICAGO and CHICAGO POLICE OFFICERS COREY FLAGG (Star No. 9386), BRODERICK JONES (Star No. 17432), R. PALOMINO (Star No. 18473), J. KNEZEVICH (Star No. 13165) and E. PADILLA (Star No. 8158), as follows:

### INTRODUCTION

1. This action is brought under 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution. Plaintiff seeks damages stemming from his unlawfull arrest by COREY FLAGG (Star No. 9386) BRODERICK JONES (Star No. 17432), R. PALOMINO (Star No. 18473), J. KNEZEVICH (Star No. 13165) and E. PADILLA (Star No. 8158).

### JURISDICTION AND VENUE

2. This Court has jurisdiction of the action under 28 U.S.C. § 1331. Venue is proper as Plaintiff is resident of this judicial district and Defendant, City of Chicago, is a municipal corporation located here. Further, the events giving rise to the claims asserted here all occurred within this district.

3. Plaintiff is a 25 year old resident who lives in Chicago, Illinois.

4. On August 8, 2005, Plaintiff at all times remained at his step-father's house at 3121 W. Ainsle, Chicago.

5. On August 8, 2003, Defendants Flagg and Jones conspired among themselves and fabricated information and evidence wherein they claimed that they had observed Plaintiff engage in a suspect narcotic transaction at, 8354 S. Muskegon Avenue, Chicago, Illinois at 4:00 p.m.

6. Defendants Flagg and Jones further conspired among themselves and claimed that as they approached Plaintiff, Plaintiff dropped to the ground a bag of suspect cannabis and made good his escape.

7. Defendants Flagg and Jones claimed to have recovered from Plaintiff's bedroom nine (9) plastic baggies containing a green leafy substance suspect cannabis and six (6) firearms.

8. Defendants Flagg and Jones then relayed this false information to Defendants Palomino, Knezevich and Padilla.

9. On August 11, 2003 Defendants Palomino, Knezevich and Padilla, armed with this false information arrested Plaintiff.

10. On August 11, 2003 Defendants Flagg and Jones conspired among themselves and caused Plaintiff to be charged with a criminal offense. Defendants Flagg and Jones conspired among themselves and fabricated the evidence on which the arrest was made and did not have a lawful basis on which to cause Plaintiff's arrest.

11. Thereafter, defendants Flagg and Jones conspired among themselves concealed Plaintiff's innocence of any criminal wrongdoing from the prosecutors and thereby caused Plaintiff to be held in custody for 4 months awaiting trial.

12. Thereafter, defendants Palomino, Knezevich and Padilla conspired mong themselves and concealed Plaintiff's innocence of any criminal wrongdoing from the prosecutors and thereby caused Plaintiff to be held in custody for 4 months awaiting trial.

13. On April 7, 2005, all proceedings were terminated in Plaintiff's favor in a manner indicative of innocence

## COUNT I
### 42 U.S.C. § 1983: FALSE ARREST/UNLAWFUL DETENTION

14. Each Paragraph of this Complaint is incorporated as if restated herein.

15. As described above, Defendant Officers conspired among themselves and falsely arrested and detained Plaintiff without justification and without probable cause.

16. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

17. As a result of the above-described wrongful infringement of Plaintiffs rights, Plaintiff suffered damages, including but not limited to mental distress and anguish.

18. The misconduct described in this Count was undertaken under the policy and practice of the Chicago Police Department in that:

a. As a matter of both policy and practice, the Chicago Police Department directly encourages, and is thereby the moving force behind, the very type of misconduct at issue here by failing to adequately train, supervise and control its officers, such that its failure to do so manifests deliberate indifference;

b. As a matter of both policy and practice, the Chicago Police Department facilitates the very type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses such as those affecting Plaintiff; specifically, Chicago Police Officers accused of misconduct can be confident that the Office of Professional Standards will not investigate those accusations in earnest and will refuse to recommend discipline even where the Officer has engaged in misconduct;

c. Generally, as a matter of widespread practice so prevalent as to comprise a municipal policy, officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

d. Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which officers fail to report misconduct committed by other officers, such as the misconduct at issue in this case;

e. The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

f. As a matter of express policy, the City of Chicago does not retain records which are more than five years old documenting allegations of misconduct against police officers, thereby preventing the City from ascertaining any patterns of abuse which might develop over the course of a police officer's career;

g. As a matter of express policy, the City of Chicago refuses to take into consideration patterns of allegations of civil rights violations when evaluating the merits of any particular complaint. In other words, if a police officer is accused of the same sort of misconduct twenty times in a row, the Office of Professional Standards ("O.P.S.") is forbidden by the City from considering those allegations if they are deemed unsustained; and

h. The problem with the policy identified in the preceding paragraph is that by its own accounting, the City sustains less than 5% of the complaints brought against police officers for violations of civil rights.

19. As a result of this misconduct, Mr. Morales suffered physical and emotional injuries, lost wages, and other damages.

## COUNT II
### State Law Claim: False Imprisonment

20. Each paragraph of this Complaint is incorporated as if restated fully herein.

21. Plaintiff was arrested and imprisoned, and thereby had his liberty to move about unlawfully restrained, despite Defendant Officers' knowledge that there was no probable cause for doing so.

22. Defendant Officers' actions set forth above were undertaken intentionally, with malice and reckless indifference to Plaintiff's rights.

23. As a result of the above described wrongful infringement of plaintiff's rights, Plaintiff suffered damages, including but not limited to mental distress and anguish.

24. The misconduct described in this Count was undertaken by the defendant Officers and within the scope of their employment such that their employer, CITY OF CHICAGO, is liable for their actions.

## COUNT III
### State Law Claim: Malicious Prosecution

25. Each paragraph of this Complaint is incorporated as if restated fully herein.

26. Plaintiff was improperly subjected to judicial proceedings for which there was no probable cause. These judicial proceedings were instituted and continued maliciously, resulting in injury, and all such proceedings were terminated in Plaintiff's favor in a manner indicative of innocence.

27. Defendant Officers conspired among themselves and accused Plaintiff of criminal activity knowing those accusations to be without probable case, and they made written and other statements with the intent of exerting influence to institute and continue judicial proceedings.

28. Statements of the Defendant Officers regarding Plaintiff's alleged culpability were made with knowledge that the statements were false and perjured. In so doing, the Defendant Officers fabricated evidence and withheld exculpatory information.

29. The misconduct described in the Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

30. As a result of the above described wrongful infringements of Plaintiff's rights, he has suffered financial and other damages, including but not limited to substantial mental stress and anguish.

31. The misconduct described in this count was undertaken by the Defendant Officers within the scope of their employment such that their employer, CITY OF CHICAGO, is liable for their actions.

## COUNT IV

42 U.S.C. § 1983: Conspiracy to Deprive Constitutional Rights

32. Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

33. The Defendants reach an agreement amongst themselves to frame Plaintiff for the crime, and to thereby deprive Plaintiff of his constitutional rights, all as described in the various Paragraphs of this Complaint.

34. Independently, before and after Plaintiff's arrest and incarceration, each of the Defendants further conspired to deprive Plaintiff of exculpatory materials to which he was lawfully entitled and which would have led to is more timely exoneration of the false charges as described in the various Paragraphs of this Complaint.

35. In this manner, the Defendant Officers, acting in concert, have conspired by concerted action to accomplish an unlawful purpose by an unlawful means.

36. In furtherance of the conspiracy, each of the co-conspirators committed overt acts and was an otherwise willful participant in joint activity.

37. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

38. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in the manner described more fully in preceding paragraphs, and was tacitly ratified by policy-makers for the City of Chicago with final policymaking authority.

## COUNT V
### State Law Claim: Respondeat Superior

32. Each paragraph of this Complaint is incorporated as if restated fully herein.

33. In committing the acts alleged in the preceding paragraphs, Defendant Officers were members of, and agents of, The Chicago Police Department, acting at all relevant times with the scope of their employment.

34. Defendant City of Chicago is liable as the principal for all torts committed by its agents.

## COUNT VI
### State Law Claim: Indemnification

35. Each paragraph of this Complaint is incorporated as if restated fully herein.

36. In Illinois, public entities are directed to pay any tort judgment for compensatory damages for which employees are liable with the scope of their employment activities. 735 ILCS 10/9-102.

37. Defendant Officers are or were employees of the City of Chicago, and acted within the scope of their employment in committing the misconduct described herein.

### Request for Relief

Plaintiff, Jimmy Morales, Jr., respectfully requests that the Court:

A. enters judgment in his favor and against Defendants, CITY OF CHICAGO, FLAGG, JONES, PALOMINO, KNEZEVICH and PADILLA;
B. award compensatory damages against Defendants, CITY OF CHICAGO, FLAGG, JONES, PALOMINO, KNEZEVICH and PADILLA;
C. award attorney's fees against Defendants, CITY OF CHICAGO, FLAGG, JONES, PALOMINO, KNEZEVICH and PADILLA;
D. award punitive damages against Defendants, FLAGG, JONES, PALOMINO, KNEZEVICH and PADILLA;
E. grant any other relief as this Court deems just and appropriate.

### Jury Demand

Plaintiff, Jimmy Morales, Jr., demands a trial by jury under Federal Rule of Civil Procedure 38(b) on all issues so triable.

_____
Michael D. Oppenheimer
Jon F. Erickson
ERICKSON & OPPENHEIMER
1051 W. Belmont
Chicago, Illinois 60657

(312) 491-8186

*Attorneys for Plaintiff*