# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JIMMY MORALES, JR., ) | |
| ) | |
| Plaintiff, ) | No. 05 C 6845 |
| ) | |
| v. ) | Judge John W. Darrah |
| ) | |
| CITY OF CHICAGO and CHICAGO POLICE ) | |
| OFFICERS COREY FLAGG, BRODERICK JONES, ) | |
| RALPH PALOMINO, JOHN KNEZEVICH and ) | |
| ELISE PADILLA, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Jimmy Morales, Jr., filed suit, alleging violation of due process and conspiracy to deprive Morales of his constitutional rights against the individual Chicago Police Officers and a *Monell* claim against the City of Chicago. Presently before the Court are motions to dismiss by the City of Chicago and Defendants Ralph Palomino, John Knezevich, and Elise Padilla.

A reading of the Amended Complaint supports the following summary of the alleged operative conduct of the parties.

On August 8, 2003, Chicago Police Officers Corey Flagg and Broderick Jones fabricated information and evidence, claiming that they observed Morales engage in a narcotics transaction. Flagg and Jones conspired among themselves and others, claiming that as they approached Morales, Morales dropped a bag of cannabis and attempted to flee. Flagg and Jones relayed this false information to Palomino, Knezevich, and Padilla, who arrested Morales on August 11, 2003.

On August 11, 2003, the Defendants conspired and fabricated evidence to cause Morales to be arrested and charged with a criminal offense. Thereafter, Defendants conspired to conceal Morales's innocence from prosecutors, causing Morales to be held in custody for four months while awaiting trial. Defendants also conspired to deliberately withhold exculpatory evidence from prosecutors and the defense, causing Morales's continued incarceration. On April 7, 2004, all proceedings were terminated in Morales's favor.

In reviewing a motion to dismiss, the court considers all allegations in the complaint and any reasonable inferences drawn therefrom in the light most favorable to the plaintiff. *See Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). A filing under the Federal Rules of Civil Procedure should be "short and plain," and it suffices if it notifies the defendant of the principal events. *Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003). A plaintiff is not required to plead the facts or the elements of a claim, with the exceptions found in Federal Rule of Civil Procedure 9 (Pleading Special Matters, *i.e.*, fraud, mistake, etc.). *See Swierkiewicz v. Sorema*, 534 U.S. 506, 511 (2002); *Kolupa v. Roselle Park Dist.*, 438 F.3d 713, 713 (7th Cir. 2006) (*Kolupa*). In other words, any movant "tempted to write 'this complaint is deficient because it does not contain . . . .' should stop and think: What rule of law *requires* a complaint to contain that allegation?" *Kolupa*, 438 F.3d at 713 (quoting *Doe v. Smith*, 429 F.3d 706, 708 (7th Cir. 2005 )) (emphasis in original).

Palomino, Knezevich, and Padilla seek dismissal of Morales's 42 U.S.C. § 1983 claim for violation of due process claim (Count I), arguing that the allegations cannot, as a matter of law, support Morales's due process claim.

Due process claims that allege the withholding of evidence are analyzed under the framework set forth in *Brady v. Maryland*, 373 U.S. 83 (1963) (*Brady*). *See Ienco v. Aangarone*, 429 F.3d 680, 683 (2005) (*Ienco*). Pursuant to *Brady*, the government is required to disclose favorable evidence that is material to the defendant's guilt or possible sentence. *See Brady*, 373 U.S. at 87. To prevail under *Brady*, a party must show that (1) the government suppressed evidence, (2) the evidence was favorable to the defense because it was either exculpatory or had impeachment value, and (3) the evidence was material to an issue at trial. *See Ienco*, 429 F.3d at 680. For purposes of *Brady*, evidence is suppressed if (1) the prosecution failed to disclose the evidence in time for the defendant to use the evidence and (2) the evidence was not otherwise available to the defendant through the exercise of reasonable diligence. *See Ienco*, 429 F.3d at 683. The duty of disclosure does not apply to evidence that the defendant can, himself, refute. *See Ienco*, 429 F.3d at 683; *Griffin v. City of Chicago*, 406 F. Supp. 2d 938, 947 (N.D. Ill. 2005) (*Griffin*).

Palomino, Knezevich, and Padilla argue that, based on the above due process claim law, Morales fails to allege a claim for relief. However, Morales specifically alleges that the Defendants deliberately withheld exculpatory evidence from prosecutors and the defense, causing Morales's continued incarceration. Palomino, Knezevich, and Padilla's contention that this is an insufficient pleading because it fails to allege facts consistent with the above law is meritless because Morales need not plead facts or the elements of the cause of action. *Kolupa*, 438 F.3d at 713. Instead, Palomino, Knezevich, and Padilla's argument goes to the merits of Morales's claim, as further

demonstrated by the cases cited by Palomino, Knezevich, and Padilla, which were decided by summary judgment. *See Ienco*, 429 F.3d at 683; *Griffin*, 406 F. Supp. 2d at 940; *see also Gomez v. Riccio*, 2006 WL 1030196, 02 C 5911 (N.D. Ill. April 12, 2006).

Palomino, Knezevich, and Padilla seek dismissal of Count II based on Count II's being derivative of Count I and assuming that Count I is dismissed. Because Count I survives, the derivative claim also survives.

Lastly, the City of Chicago argues that if Counts I and II are dismissed, the claim against the City of Chicago should be dismissed. Counts I and II survive, as does the *Monell* claims against the City of Chicago.

For the foregoing reasons, Palomino, Knezevich, and Padilla's and the City of Chicago's motions to dismiss are denied.

Dated: 10/18/06

JOHN W. DARRAH
United States District Court Judge